IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**NOV 19 1998**

JAMES W McCORMACK, CLERK
By: _____
                                    DEP. CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA for the<br>Benefit of TRA-CO ELECTRICAL<br>CONSTRUCTION, INC., and UNITED<br>STATES OF AMERICA, *EX REL*,<br>TRA-CO ELECTRICAL<br>CONSTRUCTION, INC., an Oklahoma<br>corporation, as Relator, and TRA-CO<br>ELECTRICAL CONSTRUCTION, INC.,<br>individually,<br>     **Plaintiffs,**<br><br>v.<br><br>SUNBELT FIRE PROTECTION, INC.,<br>an Oklahoma corporation, DAVID R.<br>STEWART, an individual, and<br>ACCEPTANCE INSURANCE COMPANY,<br>INC., a Nebraska corporation, as surety,<br>     **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. LR-C-98-217<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANTS
### SUNBELT FIRE PROTECTION, INC. AND DAVID R. STEWART

For their answer to the Complaint filed herein by Tra-Co Electrical Construction,
Inc. ("Tra-Co"), Defendants Sunbelt Fire Protection, Inc. ("Sunbelt") and David R.
Stewart ("Stewart") state as follows:

1. Sunbelt and Stewart admit the allegations set forth in Paragraph 1 of the
Complaint.

2. Sunbelt and Stewart admit the allegations set forth in the first sentence of
Paragraph 2 of the Complaint. In response to the second sentence of Paragraph 2,
Sunbelt and Stewart admit that one of several business activities of Sunbelt is fire
protection work, but deny the implication that such is the only business of Sunbelt.

3. Sunbelt and Stewart admit the allegations set forth in Paragraph 3 of the
Complaint.

4.      In response to the allegations set forth in Paragraph 4 of the Complaint, Sunbelt and Stewart admit the allegations generally but deny that Acceptance is or may be liable for the claims asserted herein by Tra-Co.

5.      Sunbelt and Stewart admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Sunbelt and Stewart admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Sunbelt and Stewart admit generally the allegations set forth in Paragraph 7 of the Complaint, but deny the allegation that the installation of fiber optics was the subject of a "modification of the original contract." The fiber optic work was the subject of a separate contract between Sunbelt and Tra-Co.

8.      In response to the allegations set forth in the first sentence of Paragraph 8 of the Complaint, Sunbelt and Stewart admit that pursuant to the terms of Sunbelt's contract with the United States Department of Energy, via SWP, Sunbelt was to be paid as the general contractor for completed work. The allegation that Sunbelt was to be paid "through their submission of price lists to SWP" is vague, ambiguous and misleading, and is therefore denied. All other allegations set forth in Paragraph 8 are denied.

9.      In response the allegations set forth in Paragraph 9, Sunbelt and Stewart admit only that Tra-Co performed work in completion of the Project under the contract and modifications at issue, but deny all other allegations.

10.     Sunbelt and Stewart admit the allegations set forth in the first sentence of Paragraph 10 of the Complaint. In response to the second sentence, Sunbelt and Stewart admit that Sunbelt, Stewart, and Acceptance have denied claims submitted by Tra-Co, but deny that any amounts are due and owing. The allegations set forth in the third and fourth sentences are denied.

11.     Sunbelt and Stewart restate their answers to Paragraphs 1 through 10 of the Complaint.

12.     Sunbelt and Stewart admit the allegations set forth in Paragraph 12 of the Complaint.

13.     In response to the allegations set forth in Paragraph 13 of the Complaint, Sunbelt and Stewart admit that Tra-Co furnished labor in prosecution of the work provided for in the referenced contract(s) and modifications, but denies that Tra-Co has not been paid in full therefore.

14.     Sunbelt and Stewart restate their answers to Paragraphs 1 through 13 of the Complaint.

15.     Sunbelt and Stewart deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Sunbelt and Stewart restate their answers to Paragraphs 1 through 15 of the Complaint.

17.     In response to the allegations set forth in Paragraph 17 of the Complaint; Sunbelt and Stewart admit only that Sunbelt and, upon information and belief, Acceptance, denied certain claims by Tra-Co.   Sunbelt and Stewart deny all other allegations in Paragraph 17, and state that the terms of the contracts speak for themselves.

18.-19.     The allegations set forth in Paragraphs 18 and 19 of the Complaint are not directed against Sunbelt and Stewart.  Therefore, no answer by these defendants is required and none is given.

20.     Sunbelt and Stewart restate their answers to Paragraphs 1 through 19 of the Complaint.

21.     In response to the allegations set forth in Paragraph 21 of the Complaint, Sunbelt and Stewart admit only that Tra-Co provided labor and services toward the completion of the project that were of value and benefit to Sunbelt, the general contractor of the project, and that Sunbelt was directly compensated by the United States Government via the Department of Energy and SWP.  All other allegations set forth in Paragraph 21 are denied.

22.     Sunbelt and Stewart restate their answers to Paragraphs 1 through 18 of the Complaint.

23.     Sunbelt and Stewart deny the allegations set forth in Paragraph 23 of the Complaint.

### AFFIRMATIVE DEFENSES

1.     Tra-Co's Complaint fails to state a claim upon which relief can be granted.

2.     Tra-Co's prayer for punitive damages is not supported by any of the claims asserted in its Complaint and should be stricken.

WHEREFORE, Defendants Sunbelt and Stewart request that the Complaint be dismissed, that Plaintiff take nothing, and that judgment be awarded in favor of Sunbelt and Stewart awarding them their costs, attorneys fees, and such other relief to which they may be entitled.

BOONE, SMITH, DAVIS, HURST, & DICKMAN

Scott R. Rowland (OBA No. 11498)
Paul J. Cleary (OBA No. 1727)
500 ONEOK Plaza
100 West 5th Street
Tulsa, OK  74103
(918) 587-0000

Steve L. Riggs
DOVER & DIXON, P.A.
425 West Capitol
Suite 3700
Little Rock, AR  72201
(501) 375-9151

Attorneys for Defendants
Sunbelt Fire Protection, Inc.
and David R. Stewart

-4-

### Certificate of Mailing

The undersigned hereby certifies that on the 18th day of November, 1998, a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to the following:

Walter D. Haskins
Kirsten E. Pace
Atkinson, Haskins, Nellis, Boudreaux,
Holeman, Phipps & Brittingham
1500 ParkCentre
525 South Main
Tulsa, OK  74103

Winslow Drummond
McMath, Vehik, Drummond,
Harrison & Ledbetter
711 West 3rd Street
Little Rock, AR  72201

Scott R. Rowland